Joshua Trigsted
Oregon State Bar ID Number 06531
Weisberg & Meyers, LLC
5025 North Central Ave. #602
Phoenix, AZ 85012
602 445-9819, ext. # 216
866 565 1327 facsimile
jtrigsted@attorneysforconsumers.com
Attorney for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| **TARA MITCHELL,** | Case No.: |
| Plaintiff, | **COMPLAINT;** |
| vs. | FAIR DEBT COLLECTION PRACTICES ACT (15 USC 1692) |
| **NELSON, WATSON & ASSOCIATES, LLC AND LVNV FUNDING, LLC** | DEMAND FOR JURY TRIAL |
| Defendants | |

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendants' violations of the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA").

## II. JURISDICTION

2. Plaintiff's claim for violations of the FDCPA arises under 15 U.S.C. § 1692k(d), and therefore involves a "federal question" pursuant to 28 USC § 1331.

## III. PARTIES

3. Plaintiff, Tara Mitchell ("Plaintiff"), is a natural person residing in Linn

County, Oregon.

4. Defendants, Nelson, Watson & Associates, LLC and LVNV Funding, LLC, ("Defendants") are corporations engaged in the business of collecting debts by use of the mails and telephone. Defendants regularly attempt to collect debts alleged due another.

## IV. FACTUAL ALLEGATIONS

5. Defendants are "debt collectors" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

6. Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

7. All activities of Defendants set out herein were undertaken in connection with the collection of a "debt," as defined by 15 USC § 1692a(5).

8. Within the last year, Defendants took multiple actions in an attempt to collect a debt from Plaintiff. Defendants' conduct violated the FDCPA in multiple ways, including but not limited to the following.

9. Using unfair or unconscionable means against Plaintiff in connection with an attempt to collect a debt, including Defendant LVNV Funding LLCs attempts to collect debts from alleged debtors in the State of Oregon, including Plaintiff, without first obtaining the license required by Oregon State law (§ 1692f)).

10. Failing to provide Plaintiff with the notices required by 15 USC § 1692g, either in the initial communication with Plaintiff, or in writing within 5 days thereof, including failing to clearly convey the identity of the current creditor. Defendant Nelson, Watson & Associates letter to Plaintiff, dated January 11, 2010, states in the upper

portion of the letter that the current creditor is LVNV Funding, LLC. However, in the body of the letter Defendant refers to its client as Resurgent Capital Services, without further explanation. Referring to two separate agencies as the owner of the account that Defendant was collecting had the effect of confusing Plaintiff about important aspects of the alleged debt. For instance, it would tend to confuse Plaintiff as to who is the most proper target for a dispute letter (§ 1692g(a)).

11. Threatening to take an action against Plaintiff that cannot be legally taken or that was not actually intended to be taken, including threats by Defendant Nelson, Watson & Associates, LLC, to initiate court proceedings within days of Plaintiffs initial conversation with Defendant. Defendant never took such action in the time frame indicated and likely had no intent to do so at the time the action was threatened. During the initial telephone conversation between Plaintiff and Defendant, Defendant stated specifically that Plaintiff must pay before he got off the phone, and that if he did not pay he would be sued within the several days that followed after the call (§ 1692e(5)).

12. As a result of the aforementioned violations, Plaintiff suffered and continues to suffer injuries to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and severe emotional distress.

13. Defendants intended to cause, by means of the actions detailed above, injuries to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and severe emotional distress.

14. Defendants' actions, detailed above, were undertaken with extraordinary disregard of, or indifference to, known or highly probable risks to purported debtors.

15. To the extent Defendants' actions, detailed in paragraphs 8-11, were carried out by an employee of Defendants, that employee was acting within the scope of his or her employment.

## **COUNT I: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT**

20. Plaintiff reincorporates by reference all of the preceding paragraphs.

21. The preceding paragraphs state a *prima facie* case for Plaintiff and against Defendants for violations of the FDCPA, §§ 1692g(b) & 1692g(a).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendants for the following:

A. Declaratory judgment that Defendants' conduct violated the FDCPA

B. Actual damages pursuant to 15 USC 1692k;

C. Statutory damages pursuant to 15 U.S.C. § 1692k

D. Costs, disbursements and reasonable attorney's fees for all successful claims, and any unsuccessful claims arising out of the same transaction or occurrence as the successful claims, pursuant to 15 U.S.C. § 1692k

E. For such other and further relief as may be just and proper.

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

Dated this 23rd day of March, 2010

By: _____
Joshua Trigsted
Weisberg & Meyers, LLC
5025 North Central Ave. #602
Phoenix, AZ 85012
602 445-9819, ext. # 216
866 565 1327 facsimile
Attorney for Plaintiff